IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS CONTRERAS III, § <br> TDCJ NO. 1611048, § <br> § <br> Petitioner, § <br> § <br> v. § <br> §    CIVIL ACTION NO. H-14-0951 <br> WILLIAM STEPHENS, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> § <br> Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Louis Contreras, a Texas prisoner, filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging a state court felony judgment from Harris County, Texas. The Respondent has filed a Motion for Summary Judgment with Brief in Support (Docket Entry No. 25) arguing that the Petition is barred by the statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) as codified in 28 U.S.C. § 2244(d). After reviewing the pleadings and the available records, the court has determined that the motion should be granted.

I. **Procedural History and Claims**

Court records reveal that Contreras was charged with sexual assault of a child, enhanced by two prior felonies. See State Habeas Corpus Record (SHCR), Ex parte Contreras, No. 58,638-03, at

357. After being tried before a jury, Contreras was found guilty. State v. Contreras, No. 1199089 (230th Dist. Ct., Harris County, Tex., Nov. 17, 2009). Id. at 365. The trial court found that both enhancement paragraphs were true and sentenced Contreras to life imprisonment. Id.

The First Court of Appeals of Texas affirmed Contreras's conviction, and the Texas Court of Criminal Appeals (TCCA) refused his Petition for Discretionary Review (PDR) on April 25, 2012. Contreras v. State, No. 01-10-00024-CR, 2011 WL 2923924 (Tex. App. - Houston [1st Dist.] July 21, 2011, pet. ref'd). Mandate was issued on June 7, 2012. See First Court of Appeals Website, http://www.search.txcourts.gov/. Contreras did not file a petition with the United States Supreme Court for a writ of certiorari (Docket Entry No. 1, p. 3).

Contreras filed an application for a state writ of habeas corpus in the 230th State District Court on May 21, 2012. Ex parte Contreras, No. 58,638-02 (Docket Entry No. 11-24, p. 22). On May 29, 2013, the TCCA dismissed the application pursuant to Article 11.07 §§ 1, 3(a)(b) of the Texas Code of Criminal Procedure because the mandate had not yet issued, and therefore, Contreras's direct appeal was still pending. Id. at 2.

Contreras filed a second application for a state writ of habeas corpus in the 230th State District Court on July 15, 2013. Ex parte Contreras, No. 58,638-03 (Docket Entry No. 11-39, p. 21).

-2-

The TCCA denied the application with a written order on February 26, 2014. Id. (Action Taken, Docket Entry No. 11-37).

On April 1, 2014, Contreras executed the Petition filed in this action (Docket Entry No. 1). The Petition was mailed from Contreras's prison unit in an envelope post-marked April 8, 2014, and filed by the Clerk on April 9, 2014. Contreras presents the following grounds for relief regarding his state court judgment:

1. The evidence supporting his conviction is legally insufficient.

2. The evidence supporting his conviction is factually insufficient.

3. Contreras was denied an affirmative defense available under the Texas Penal Code.

4. The victim was an accomplice witness and gave uncorroborated testimony.

5. Contreras should have been charged with incest, not sexual assault, because the victim was his niece.

6. The prosecutor and the court misstated the law which allowed the jury to believe that Contreras could be convicted on the basis of the victim's uncorroborated testimony.

7. The trial court sentenced Contreras to life imprisonment without citing the Texas Penal Code section under which he was sentenced.

8. The indictment was improper.

9. Contreras was denied effective assistance of counsel at trial and on appeal.

Petition, Docket Entry No. 1, pp. 6-9.

## II. The Respondent's Arguments

The Respondent contends that Contreras's Petition is time-barred because the state conviction became final on July 24, 2012,

and his Petition was not filed within one year of that date, even when excluding the period during which a properly filed state habeas application was pending. The Respondent notes that Contreras's first state application for a writ of habeas corpus was dismissed because his appeal was still pending at the time of the application's filing. Consequently, it was not a properly filed state post-conviction challenge that would toll the running of the limitations period under 28 U.S.C. § 2244(d)(2). The second state habeas application, which was properly filed, was pending for 226 days and extended the filing deadline to March 7, 2014. The Petition in this action was not filed until April 1, 2014. The Respondent also argues that Contreras has not presented any facts that would entitle him to equitable tolling.

### III. Standards of Review and Applicable Laws

#### A. Summary Judgment Standards

Summary Judgment standards established under the Federal Rules of Civil Procedure apply in habeas corpus cases brought under 28 U.S.C. § 2254. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000); McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994). A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Hall v. Thomas, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment the court

construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. See Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts that indicate there is a genuine issue for trial. Celotex, 106 S. Ct. at 2552; Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). To meet its burden the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). A habeas petitioner cannot rely on "bald

assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## B. Limitations

Contreras's Petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

### IV. Analysis

Contreras is incarcerated and is considered to have filed his federal petition for a writ of habeas corpus on the date that he surrendered it to prison officials for mailing. Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). The court construes the petition to have been filed on April 1, 2014. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998).

Because Contreras's PDR was refused on April 25, 2012, his conviction became final on July 24, 2012. Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012); Wilson v. Cain, 564 F.3d 702, 706 (5th Cir. 2009). Under the provisions of section 2244(d)(1)(A), Contreras had one year or until July 24, 2013, to file his federal petition for a writ of habeas corpus. A "properly filed application for State post-conviction" would toll the one-year limitations period. 28 U.S.C. § 2244(d)(2).

Contreras's first state application for a writ of habeas corpus was filed on May 21, 2012, before the mandate was issued on June 7, 2012. The Court of Criminal Appeals dismissed the application for lack of jurisdiction because the conviction was not

final under Texas law. Larry v. Dretke, 361 F.3d 890, 894 (5th Cir. 2004), citing Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). Under Texas law Contreras's conviction was not final because the mandate had not issued. Id. In dismissing the habeas application the Court of Criminal Appeals did not consider the claims presented in the application because the application was barred by Texas law. Id.; see also Madden v. Thaler, 521 F. App'x 316, 321 (5th Cir. 2013), citing Larry, 361 F.3d at 894-895. Federal courts look to the laws of each state in determining when a state habeas petitioner may file a proper post-conviction challenge. See Gonzalez v. Thaler, 132 S. Ct. at 655. Although the state appellate court's failure to issue mandate presented a jurisdictional bar to Contreras's properly filing a state habeas application immediately after his appeal was affirmed, it did not prevent him from filing a timely federal petition for a writ of habeas corpus. See Madden, 521 F. App'x at 321, citing Gonzalez, 132 S. Ct. at 655-56 ("To the extent a petitioner has had his or her federal filing period severely truncated by a delay in the mandate's issuance and has unexhausted claims that must be raised on state habeas review, such a petitioner could file a request for a stay and abeyance from the federal district court.").

There is no indication that Contreras was subject to any state action that impeded him from filing his federal habeas petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas

petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Finally, Contreras does not present any rare and exceptional circumstances that would warrant equitable tolling of the federal limitations period. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (habeas petitioner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013) (petitioner has burden of proving he is entitled to equitable tolling); Stone v. Thaler, 614 F.3d 136, 139 (5th Cir. 2010). Therefore, the claims presented in this Petition are subject to dismissal because they are untimely.

### V. Contreras's Motions

Contreras has filed several motions in which he seeks to avoid dismissal of his Petition. Contreras moves for discovery and production of a wide array of documents and evidence including his arrest records, lists of witnesses, and "any tangible objects" in possession of the State that relates to his conviction (Docket Entry No. 7). The motion will be denied because it is overly broad and does not address the issue of Contreras's failure to file his Petition in a timely manner. Wright v. Curry, 122 F. App'x 724, 725 (5th Cir. 2004).

Contreras has also moved for an evidentiary hearing. The motion (Docket Entry No. 8) will be denied because there is no

showing that the State denied Contreras a full and fair hearing, and there is no indication that the facts alleged in Contreras's Petition entitle him to habeas relief. See Blue v. Thaler, 665 F.3d 647, 655-656 (5th Cir. 2011).

Contreras's motions opposing the Respondent's motion for extension of time (Docket Entry Nos. 13 and 15) will be denied as moot. Contreras's Motion for Summary Judgment Pursuant to Rule 56(a) (Docket Entry No. 14) will be denied for the reasons stated in this Memorandum Opinion and Order. Contreras's motion for stay (Docket Entry No. 22) will be denied as moot. Contreras's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 26) will be granted.

## VI. Certificate of Appealability

Under 28 U.S.C. § 2253, Contreras needs to obtain a Certificate of Appealability (COA) before he can appeal this Memorandum Opinion and Order dismissing his Petition. To obtain a COA, Contreras must make a substantial showing of the denial of a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing Contreras must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). The court will deny the issuance of a COA in this action because Contreras

has not made a showing that reasonable jurists could have found that his petition was timely. See Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

### VII. Conclusion

The court **ORDERS** the following:

1. Respondent Stephens's Motion for Summary Judgment (Docket Entry No. 25) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. Contreras's Motion for Discovery and Production (Docket Entry No. 7), Motion for Evidentiary Hearing (Docket Entry No. 8), and Motion for Summary Judgment Pursuant to Rule 56(a) (Docket Entry No. 14) are **DENIED**.

4. Contreras's Opposed Motion to Respondant's Motion for Extention of Time (Docket Entry No. 13), Amended Motion in Opposition of Respondant's Motion for Extention of Time (Docket Entry No. 15), and Motion for Stay (Docket Entry No. 22) are **DENIED AS MOOT**.

5. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 26) is **GRANTED**.

6. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of November, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE